UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

JAMES DONALD MOORE,

                Petitioner,                Case No. 1:13-cv-111

v.                                                Honorable Gordon J. Quist

CARMEN PALMER,

                Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I. Factual Allegations

Petitioner James Donald Moore presently is incarcerated at the Michigan Reformatory. On August 19, 2005, Petitioner pleaded nolo contendere in the Kent County Circuit Court to two counts of kidnapping, MICH. COMP. LAWS § 750.349, one count of first-degree criminal sexual conduct (CSC I) involving an incapacitated person, MICH. COMP. LAWS § 750.520b(1)(g), and second-degree murder, MICH. COMP. LAWS § 750.317. He was sentenced on October 27, 2005 to a prison term of 16 to 24 years on one kidnapping conviction, two terms of 12 to 18 years on the other kidnapping and the CSC I convictions, and one term of life on the murder conviction.

Petitioner sought leave to appeal his convictions to the Michigan Court of Appeals and the Michigan Supreme Court, raising unspecified grounds. The court of appeals denied leave to appeal on May 28, 2010, for lack of merit in the grounds presented. The supreme court denied leave to appeal on October 31, 2006, because it was not persuaded that the questions should be reviewed by the supreme court.

On August 3, 2007, Petitioner filed his first motion for relief from judgment in the Kent County Circuit Court, raising several grounds: (1) the convictions were supported by insufficient evidence; (2) his right to a speedy trial was violated; (3) his plea was involuntary; (4) his habitual offender supplement was improperly based on a 31-year-old prior conviction; and (5) appellate counsel was ineffective in failing to raise the other four claims. In an order issued September 13, 2007, the circuit court denied the motion for lack of merit in all grounds presented. Petitioner sought leave to appeal to both the Michigan Court of Appeals and the Michigan Supreme Court, both of which denied leave to appeal, on October 30, 2008 and August 6, 2009, respectively.

Petitioner filed a second motion for relief from judgment on January 11, 2010. The Kent County Circuit Court denied the motion on January 26, 2010, as an improper second motion under MICH. CT. R. 6.502(g). The court of appeals denied leave to appeal on June 23, 2010, for failure to demonstrate entitlement to relief under MICH. CT. R. 6.508(D). Petitioner's application for leave to appeal to the Michigan Supreme Court was rejected as untimely on October 15, 2010.

Petitioner filed yet another motion for relief from judgment on September 16, 2011. The circuit court denied the motion as an improper successive motion on October 10, 2011. On May 25, 2012, the court of appeals dismissed the appeal as a prohibited appeal of an order denying a successive motion under MICH. CT. R. 6.502(G)(1). On November 20, 2012, the supreme court denied Petitioner's application for leave to appeal because the appeal was prohibited by MICH. CT. R. 6.502(G).

Petitioner filed his habeas petition on February 1, 2013.

II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to paragraph nine of Petitioner's application, Petitioner appealed his convictions to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on October 31, 2006. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on January 29, 2007.

Petitioner had one year from January 29, 2007, in which to file his habeas application. Petitioner filed on February 1, 2013. Obviously, he filed more than one year after the time for direct review expired. Thus, absent tolling, his application is time-barred.

As previously discussed, a properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United Stated Supreme Court. *Id.* at 332.

Petitioner's first motion for relief from judgment was filed on August 3, 2007, after 186 days had run in his period of limitations. The Michigan Supreme Court denied leave to appeal from the denial of his motion on August 6, 2009, at which point, Petitioner's period of limitations began to run again.

Petitioner filed his second motion for relief from judgment on January 11, 2010, after a further 158 days of the limitations period had expired. At that point, Petitioner had 21 days remaining in his period of limitations. Although the circuit court denied the motion because it was successive, the court of appeals did not dismiss the appeal, but considered and denied Petitioner's application for leave to appeal on its merits on June 23, 2010. Because the court did not reject the appeal on procedural grounds, I conclude for purposes of this report and recommendation that the application for leave to appeal to the Michigan Court of Appeals was properly filed. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that a state collateral procedure is "'*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.");

*but see Williams v. Birkett*, 670 F.3d 729, 733 (6th Cir. 2012) (holding that second motion for relief from judgment that is rejected because it does not meet the limited exceptions of MICH. CT. R. 6.502(G)(1) is not properly filed and does not toll the statute of limitations) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005), and *Artuz*, 431 U.S. at 10-11)). However, the Michigan Supreme Court rejected Petitioner's application for leave to appeal as untimely, because Petitioner attempted to file it beyond the 56 days allowed for filing a late application under MICH. CT. R. § 7.302(C)(3). Giving Petitioner the benefit of any doubt, the tolling period for his second motion for relief from judgment expired at the end of the 56-day period in which he could have filed his application for leave to appeal. *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*") (emphasis added); *Gonzalez v. Thaler*, 132 S. Ct. 641, 655 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking that review expires). The statute of limitations therefore began to run again on August 18, 2010, and the habeas limitations period expired 21 days later, on September 8, 2010.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim

of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 490). Because Petitioner's one-year period expired in 2010, his collateral motion filed on September 16, 2011 did not serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.

1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to making a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329) (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, Petitioner makes no claim that he is actually innocent, and he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District

Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated: November 12, 2013  /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).